IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| MARGIE CARANCI, on behalf of herself and others similarly situated, Plaintiff, | CLASS ACTION |
| v. | C.A. NO. 07-174-S |
| OCEAN STATE JOB LOT OF WARREN, INC., Defendants. | |

**OCEAN STATE JOB LOT OF WARREN, INC.'S**
**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

Defendant Ocean State Job Lot of Warren, Inc. ("Ocean State") responds as follows to plaintiff's Second Amended Class Action Complaint ("Second Amended Complaint"):

## I. Parties

1. Ocean State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Second Amended Complaint, and therefore denies the same.

2. Admitted.

3. Admitted.

## II. Jurisdiction and Venue

4. Admitted.

5. Admitted.

## III. Factual Allegations

### A. Introduction

6. It is admitted that plaintiff has purported to bring a consumer class action against Ocean State under section 1681c(g) of the Fair Credit Reporting Act ("FCRA"). The second, third and fourth sentences of paragraph 6 of the Second Amended Complaint are

characterizations of FCRA, a writing that speaks for itself, and are therefore denied. Ocean State denies the last two sentences of paragraph 6 of the Second Amended Complaint.

7. It is admitted that the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress and signed into law by President George W. Bush in 2003. The remaining allegations in paragraph 7 of the Second Amended Complaint are characterizations of FACTA, a writing that speaks for itself, and are therefore denied.

8. The statute codified as 15 U.S.C. § 1681c(g) is a writing that speaks for itself, and the allegations in paragraph 8 of the Second Amended Complaint are denied as characterizations of that statute. By way of further response, it is admitted that the statutory section quoted in paragraph 8 of the Second Amended Complaint is an accurate quotation of 15 U.S.C. § 1681c(g)(1).

9. FACTA is a writing that speaks for itself, and the allegations in paragraph 9 of the Second Amended Complaint are denied as characterizations of that statute.

**B. Defendant's Practice**

10. Denied.

11. Denied.

12. Denied.

**C. The Experience of the Representative Plaintiff**

13. It is admitted only that plaintiff has produced a receipt which she alleges reflects her purchases at Ocean State's retail store located at 601 Metacom Avenue, Warren, Rhode Island. The remaining allegations of paragraph 13 of the Second Amended Complaint are denied.

14. Denied.

15. Denied.

## IV. Class Action Allegations

16. It is admitted that plaintiff has purported to bring this action individually and as a class action for alleged violations of section 1681c(g) of the FCRA. It is admitted that the plaintiff has proposed that the class be defined as described in paragraph 16 of the Second Amended Complaint. It is denied that such a class, or any class, should be certified in this matter.

17. The allegation in the first sentence of paragraph 17 of the Second Amended Complaint contains a legal conclusion to which no response is necessary. To the extent a response is necessary, that allegation is denied. Ocean State is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 of the Second Amended Complaint, and therefore denies the same.

18. The allegations in paragraph 18 of the Second Amended Complaint contain legal conclusions to which no response is necessary. To the extent a response is necessary, those allegations are denied.

19. The allegations in paragraph 19 of the Second Amended Complaint contain legal conclusions to which no response is necessary. To the extent a response is necessary, those allegations are denied.

20. Ocean State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Second Amended Complaint, and therefore denies the same.

21. The allegations in paragraph 21 of the Second Amended Complaint contain legal conclusions to which no response is necessary. To the extent a response is necessary, those allegations are denied.

22. The allegations in paragraph 22 of the Second Amended Complaint contain legal conclusions to which no response is necessary. To the extent a response is necessary, those

allegations are denied. By way of further response, it is denied that FACTA permits injunctive relief.

23. Denied.

24. The allegations in the first three sentences in paragraph 24 of the Second Amended Complaint contain legal conclusions to which no response is necessary. To the extent a response is necessary, those allegations are denied. It is further denied that the identities of all class members may be obtained from Ocean State's records.

## V. <u>Claims</u>

### <u>Count One - FCRA</u>

25. Ocean State incorporates by reference the responses contained in paragraphs 1-24 of this Answer.

26. The statute codified at 15 U.S.C. § 1681c(g) is a writing that speaks for itself, and all characterizations of that writing are denied. By way of further response, it is admitted that the statutory section quoted in paragraph 26 of the Second Amended Complaint is an accurate quotation of 15 U.S.C. § 1681c(g)(1).

27. It is admitted that Ocean State uses devices that electronically print receipts for point of sale transactions at the only retail location it owns and operates, located at 601 Metacom Avenue, Warren, RI 02885.

28. It is admitted that plaintiff has produced receipts from Ocean State that are dated after December 4, 2006 and that contain the expiration date of a debit card.

29. It is admitted that Ocean State was aware of the 15 U.S.C. § 1681c(g)(1) and made efforts to come into compliance with its requirements on or before December 4, 2006.

30. Ocean State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Second Amended Complaint, and therefore denies the same.

31. Ocean State is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Second Amended Complaint, and therefore denies the same.

32. Denied.

33. Denied.

## VI. **Jury Trial Demand**

34. It is admitted that plaintiff purports to demand a trial by jury as to all issues so triable.

WHEREFORE, defendant requests that the Court dismiss the Second Amended Complaint with prejudice and enter judgment in its favor and against plaintiff, together with costs and such other relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. The Second Amended Complaint fails to set forth facts sufficient to state a claim upon which relief can be granted against Ocean State Job Lot of Warren, Inc., and further fails to state facts sufficient to entitle the Plaintiff to the relief sought, or to any other relief whatsoever from Ocean State Job Lot of Warren, Inc.

2. The Plaintiff is not entitled to the requested injunctive relief because (1) neither the FCRA nor FACTA authorize injunctive relief, and (2) Ocean State Job Lot of Warren, Inc. is in full compliance with FACTA.

3. The statutory damages that Plaintiff seeks would be disproportionate to the harm alleged or suffered by the Plaintiff; said damages would be excessive.

4. Ocean State Job Lot of Warren, Inc. did not willfully violate FACTA or any other legal requirement.

5. Plaintiff and other purported class members have failed to mitigate their damages.

6. Plaintiff fails in whole or in part to meet the requirements for a class action.

7. This is an inappropriate class proceeding because:

(a) Plaintiff is not an adequate class representative.

(b) Individual questions predominate over common questions of law and fact.

(c) Plaintiff's claims are not typical of the proposed class.

(d) A class action is not superior to other available methods for the fair and efficient adjudication of this matter

Respectfully submitted,

/s/ Steven E. Snow
/s/ Melissa E. Darigan___________
Steven E. Snow, Esquire (#1774)
Melissa E. Darigan, Esquire (#4792)
Partridge Snow & Hahn LLP
180 South Main Street
Providence, Rhode Island 02903–7104
(401) 861-8200
(401) 861-8210 (FAX)
ses@psh.com
med@psh.com

And

OF COUNSEL:

Dana B. Klinges, Esquire
Timothy E. Stauss, Esquire
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, Pennsylvania 19103
(215) 977-2000
(215) 405-2632 (FAX)
dklinges@wolfblock.com
tstauss@wolfblock.com
Attorneys for Defendant
Ocean State Ocean State, Inc.

Dated: November 1, 2007

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, a copy of the foregoing OCEAN STATE JOB LOT OF WARREN, INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record at the email addresses listed below:

Dana B. Klinges Esq.
WolfBlock Brach Eichler
1650 Arch Street
22nd Floor
Philadelphia, PA 19403
dklinges@wolfblock.com

Timothy E. Stauss Esq.
WolfBlock Brach Eichler
22nd Floor
1650 Arch Street
Philadelphia, PA 19103-2097
tstauss@wolfblock.com

Peter N. Wasylyk, Esq.
Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908
pnwlaw@aol.com

/s/ Melissa E. Darigan ________________