**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **MARGIE CARANCI,**<br>**on behalf of herself and all**<br>**others similarly situated,** | **CLASS ACTION** |
| **Plaintiff,** | **C. A. No. 07- 174-S** |
| **v.** | |
| **OCEAN STATE JOB LOT**<br>**OF WARREN, INC.** | |
| **Defendant** | |

**PLAINTIFF'S RULE 16 PRETRIAL CONFERENCE STATEMENT**

Pursuant to this Court's November 2, 2007 Notice of Pretrial Conference, Plaintiff, MARGIE CARANCI, on behalf of herself and all others similarly situated, submits this Pretrial Conference Statement.

On or about February 8 and March 23, 2007, Plaintiff purchased goods from one of Defendant's retail stores. To pay for the goods, Plaintiff used her credit card. Following each transaction, Plaintiff received a receipt, which included the expiration date of her credit card.

Plaintiff brings this action individually and as a class action for Defendant's violation of section 1681c(g) of the FCRA, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: All persons who, on or after December 4, 2006 and continuing through the resolution of this case, made a credit card or debit card purchase at OCEAN STATE JOB LOT OF WARREN, INC., located at 601 Metacom Avenue, Warren, Rhode Island 02885 and whose electronically printed receipt from Defendant contained more than the last five digits of the person's credit card or debit card number and/or printed the

expiration date of the person's credit or debit card. The initial question before this Honorable Court is whether this action should be maintained as a class action and the described class certified.

This is a consumer class action based upon Defendant's violation of section 1681c(g) of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq., as amended* (the "FCRA"). Assuming this case is certified as a Class Action, the next question is whether the Defendant willfully violated section 1681c(g) of the FCRA by failing to provide consumers, who used their credit and debit cards in point of sale transaction(s) with Defendant, with electronically printed receipts that complied with the Receipt Provision.

In 2003, the Fair and Accurate Credit Transactions Act ("FACTA") was enacted by Congress, and signed into law by President George W. Bush. One of FACTA's primary purposes was to amend the FCRA through the addition of identity theft protections for consumers.

One FACTA provision was specifically designed to thwart identity thieves' ability to gain sensitive information regarding a consumer's credit or debit account from a receipt which the consumer discarded or lost. Codified at 15 U.S.C. §1681c(g), this provision ("Receipt Provision") provides as follows:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

FACTA gave companies a generous three-year cushion within which to comply with this Receipt Provision.

This section of the FCRA, like many others, was designed to combat the rising tide of identity theft experienced throughout the nation in recent years. It requires that companies which

accept credit and debit cards restrict the information that they print on sales receipts. Such a practice, if followed, reduces an identity thief's ability to obtain valuable account information relating to a consumer. Despite the simple steps necessary to comply, and despite abundant notice, Defendant has simply chosen to ignore complying with the FCRA. As such, consumers who purchase goods and services from Defendant receive none of the benefits that section 1681c(g) was designed to confer, and are uniformly burdened with an elevated risk of identity theft.

Notwithstanding the fact that it has had over three years to comply, Defendant continued to issue receipts at the point of sale transactions which contained more than 5 digits from the credit card or account number or the expiration date, in direct violation of the Receipt Provision.

Notwithstanding the Receipt Provision, Defendant continued to deliberately, willfully, intentionally, recklessly and negligently violated FACTA by issuing receipts which did not comply with the FCRA.

Defendant's practice not only violates the law, it exacts harm by exposing consumers' sensitive account information and subjecting each affected consumer to an ongoing and elevated risk of becoming the victim of identity theft.

Dated: November 21, 2007

Respectfully Submitted,

By: /s/ Peter N. Wasylyk

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
E-Mail: pnwlaw@aol.com

**ADDITIONAL COUNSEL:**

**STANLEY, MANDEL & IOLA, LLP**
Marc R. Stanley
Roger L. Mandel
Martin Woodward
3100 Monticello Avenue, Suite 750
Dallas, Texas 75205
Telephone: (214) 443-4300
Facsimile: (214)-443-0358

**DONOVAN SEARLES, LLC**
Michael D. Donovan
David A. Searles
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Telephone: (215) 732-6067
Facsimile: (215) 732-8060

**LAW OFFICE OF ANDREW KIERSTEAD**
Andrew S. Kierstead
1001 SW 5th Avenue, Suite 1100
Portland, OR 97204
Telephone: (508) 224-6246
Facsimile: (508) 224-4356

**FRANCIS & MAILMAN, P.C.**
James A. Francis
100 South Broad Street, 19th Floor
Philadelphia, PA 19110
Telephone: (215) 735-8600
Facsimile: (215) 940-8000

Attorneys for Plaintiff and the Class

## CERTIFICATE OF SERVICE

I, hereby certify that on November 21, 2007, a copy of the foregoing Rule 16 Pretrial Conference Statement was filed electronically with the clerk of the Court using the CM/EMF system, which will send notification of such filing to the following attorneys of record:

**Melissa E. Darigan**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
861-8200
861-8210 (fax)
med@psh.com

**Steven E. Snow**
Partridge, Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
861-8200
861-8210 (fax)
ses@psh.com

**Dana B Klinges**
Wolf, Block, Schorr and Solis-Cohen LLP
1650 Arch Street
22nd Floor
Philadelphia, PA 19103
215-977-2024
215-405-2924 (fax)

**Timothy E Stauss**
Wolf, Block, Schorr, and Solis- Cohen LLP
1650 Arch Street
22nd Floor
Philadelphia, PA 19103
215-977-2024
215-405-2924 (fax)

/s/ Peter N. Wasylyk
**Peter N. Wasylyk**
LAW OFFICES OF PETER N. WASYLYK
1307 Chalkstone Avenue
Providence, Rhode Island 02908
Telephone: (401) 831-7730
Facsimile: (401) 861-6064
E-Mail: pnwlaw@aol.com